KC **FILED**
JUN 21 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRAKASH NAIK, ) | |
| ) | |
| Plaintiff, ) | 07CV3500 |
| ) | JUDGE FILIP |
| v. ) | MAGISTRATE JUDGE NOLAN |
| ) | |
| BOEHRINGER INGELHEIM ) | |
| PHARMACEUTICALS, INC., ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |

## VERIFIED COMPLAINT AT LAW

Plaintiff Prakash Naik, through counsel, The Moran Law Group, complains against defendant Boehringer Ingelheim Pharmaceuticals, Inc., as follows:

### NATURE OF CASE

1. Plaintiff seeks redress for discrimination suffered in plaintiff's capacity as an employee of defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI" or "defendant"). Plaintiff has been discriminated by the defendant on account of plaintiff's age in violation of the Age Discrimination in Employment Act ("ADEA"), and on account of plaintiff's national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

### JURISDICTION

2. Jurisdiction over Count I for violations of the ADEA of this complaint is invoked pursuant to 29 U.S.C. §§621 et seq., 28 U.S.C. §§1331, 1343, 1343(4), 2201 and 2202, and 42 U.S.C. §1988.

3. Jurisdiction over Count II for violations of Title VII of this complaint is invoked pursuant to 42 U.S.C. §2000e-3(a).

4. Plaintiff has fully complied with all prerequisites to jurisdiction in this court having exhausted all administrative remedies required by law.

## VENUE

5. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391, since all events described below took place in said district.

## PARTIES

6. Plaintiff is a citizen and resident of the State of Illinois and a citizen of the United States.

7. Defendant BIPI is an Illinois Corporation located in the Northern District of Illinois. BIPI is in the business of pharmaceutical manufacturing and sales. At all times relevant to this complaint, BIPI was and is an "employer" as defined under the ADEA and Title VII.

## FACTUAL ALLEGATIONS

8. Plaintiff was born on August 20, 1949, and is presently 57 years of age.

9. The defendant hired plaintiff on February 24, 2003, and involuntarily terminated him on August 5, 2005. At the time of termination, plaintiff was 55 years of age.

10. During the last year of plaintiff's employment by the defendant, plaintiff held the position of Professional Sales Representative.

11. During the period plaintiff was employed by the defendant, plaintiff performed his assigned duties in an acceptable manner consistent with defendant's standards.

12. On January 26, 2006, plaintiff filed a charge with the Illinois Department of Human Rights. The charge was cross-filed with the Equal Employment Opportunity Commission ("EEOC").

13. On May 23, 2007, the EEOC issued a *Notice of Right to Sue*, which is attached here as Exhibit A.

## COUNT I
(Discrimination Based Upon Plaintiff's Age in Violation of the ADEA)

1-13. Plaintiff alleges and realleges paragraphs one through thirteen as paragraphs one through thirteen of this count, with the same force and effect as if fully set forth herein.

14. The defendant involuntarily terminated plaintiff's employment in violation of the provisions of the ADEA, inasmuch as the employment decision of defendant concerning plaintiff was based, in whole or in part, on the plaintiff's age.

15. After plaintiff was involuntarily terminated, defendant hired someone substantially younger than plaintiff to replace him.

16. The conduct of the defendant with respect to plaintiff constituted a willful violation of 29 U.S.C. §623(a).

17. That as a direct and proximate result of the conduct of the defendant in terminating the plaintiff's employment on August 5, 2005, the plaintiff has and will continue to lose the benefits of his employment with defendant, including but not limited to, wages, bonuses, insurance benefits, and pension benefits.

COUNT II
(Discrimination Based Upon Plaintiff's National Origin in Violation of Title VII)

1-13. Plaintiff alleges and realleges paragraphs one through thirteen as paragraphs one through thirteen of this count, with the same force and effect as if fully set forth herein.

14. Plaintiff was born in India, and his national origin is Indian.

15. In early 2005, Brett Lundsten, plaintiff's direct supervisor, made derogatory comments about plaintiff's national origin to plaintiff.

16. The defendant involuntarily terminated plaintiff's employment in violation of the provisions of Title VII, inasmuch as the employment decision of defendant concerning plaintiff was based, in whole or in part, on the plaintiff's national origin.

17. That as a direct and proximate result of the conduct of the defendant in terminating the plaintiff's employment on August 5, 2005, the plaintiff has and will continue to lose the benefits of his employment with defendant, including but not limited to, wages, bonuses, insurance benefits, and pension benefits.

PRAYER FOR RELIEF FOR COUNTS I-II

Wherefore, Plaintiff Prakash Naik demands judgment against defendant BIPI for an order:

1. Declaring that BIPI's actions and practices violated the ADEA and Title VI;

2. Permanently enjoining BIPI (and their officers, agents, and successors) from engaging in actions or practices that discriminate against any employee or job applicants because of their age or national origin;

3. Directing BIPI to make Mr. Naik whole by reinstating his duties and responsibilities as Professional Sales Representative;

4. Directing BIPI to pay Mr. Naik compensatory damages;

5. Awarding Mr. Naik his reasonable attorney's fees and costs, as provided by Sections 1983, and 1988, and Title VII;

6. Directing BIPI to remove all negative memoranda, documents, files, comments, letters, etc., from his personnel file; and

7. Granting any additional relief as this court seems just and proper.

Respectfully submitted,

By: _____
One of Plaintiff's Attorneys.

John Thomas Moran, Jr.
JOHN T. MORAN & ASSOCIATES
309 West Washington Street
Suite 900
Chicago, Illinois 60606
312.630.0200

5

## VERIFICATION

Under penalties as provided by law pursuant to 28 U.S.C. Section 1746 of Federal Civil Judicial Procedure and Rules, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____06.12.2007_____  
Date

_____*signature*_____  
Plaintiff Prakash Naik

EEOC Form 161-B (3/98) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Prakash Naik<br>1495 Dennison Road<br>Hoffman Estates, IL 60195 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

**CERTIFIED MAIL NO. 7001 0320 0006 1097 7999**
**(CP Attorney)**

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2006-00993 | Armernola P. Smith,<br>State & Local Coordinator | (312) 886-5973 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

John P. Rowe,
District Director

May 23, 2007
(Date Mailed)

cc: BOEHRINGER INGELHEIM PHARMACEUTICALS, Inc.

# EXHIBIT A